**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

July 17, 2026

Publix Super Markets, Inc.
Merriann Metz
Merriann Metz
3300 Publix Corporate Parkway
Lakeland FL 33811
United States

# SERVICE OF PROCESS NOTICE

Item: 2026-9610G

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | | |
|---|---|---|---|
| 1. | **Entity Served:** | Publix Super Markets, Inc. | |
| 2. | **Title of Action:** | Cory Linton vs. Publix Tennessee Llc | |
| 3. | **Document(s) Served:** | Summons<br>Return on Personal Service of Summons<br>Complaint | |
| 4. | **Court/Agency:** | Davidson County 20th Judicial District | |
| 5. | **State Served:** | Tennessee | |
| 6. | **Case Number:** | 26C1861 | |
| 7. | **Case Type:** | Personal Injury / Negligence / Damages | |
| 8. | **Method of Service:** | Hand Delivered | |
| 9. | **Date Received:** | Thursday 07/16/2026 | |
| 10. | **Date to Client:** | Friday 07/17/2026 | |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Saturday 08/15/2026 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>**(Name, City, State, and Phone Number)** | Hughes and Coleman Injury Lawyers<br>Nashville, TN 37219<br>Tel: (615) 557-1125 | |
| 13. | **Shipped To Client By:** | Email Only with PDF Link | |
| 14. | **Tracking Number:** | | |
| 15. | **Handled By:** | 431 | |
| 16. | **Notes:** | | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.



COLLECTIVE EXHIBIT
A

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 620326

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PUBLIX TENNESSEE LLC
RA:CORP CREATIONS NETWORK INC.
5865 RIDGEWAY CTR PKWY STE 395
MEMPHIS, TN 38120

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Shelby County Sheriff

Service ID 620326

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 06/22/2026

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: [signature]

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

TANNER CLAY GIBSON
446 JAMES ROBERTSON PARKWAY, SUITE 100
NASHVILLE, TN 37219

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 620326

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Out of County Sheriff

CORY LINTON

Plaintiff

vs.

PUBLIX TENNESSEE LLC
RA:CORP CREATIONS NETWORK INC.
5865 RIDGEWAY CTR PKWY STE 395
MEMPHIS, TN 38120

Defendant

Service ID 620326

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ____________day of ________ ________ ________, 20___, I:

_____ served this Summons and Complaint/Petition on ____________________________ in the following manner:
________________________________________________________________________________

_____ failed to serve this Summons within 90 days after its issuance because ______________________________
________________________________________________________________________________

________________________________________
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

**IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE**

| | | |
|---|---|---|
| **CORY LINTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| **PUBLIX SUPER MARKETS, INC., PUBLIX TENNESSEE, LLC, and PGIM, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Comes now the Plaintiff, Cory Linton ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendants Publix Super Markets, Inc., Publix Tennessee, LLC, and PGIM, Inc. (collectively "Publix" or "Defendants"), states:

### I. PARTIES

1. Plaintiff is a resident of Nashville, Davidson County, Tennessee, and brings this action for personal injuries sustained in a slip-and-fall accident that occurred on or about June 26, 2025, inside the Publix grocery store located at 2324 Lebanon Pike, Nashville, TN 37214.

2. Defendant Publix Super Markets, Inc. is a foreign corporation authorized to do business in Tennessee and operating retail grocery stores throughout Tennessee and Davidson County. Publix Super Markets, Inc. may be served through its registered agent, Corporation Creations Network Inc., at 5865 Ridgeway Center Parkway Suite 395, Memphis, Tennessee 38120, or wherever it may be found.

3. Defendant Publix Tennessee, LLC is a foreign limited-liability company authorized to do business in Tennessee and operating retail grocery stores throughout Tennessee and

Davidson County. Publix Tennessee, LLC may be served through its registered agent, Corporation Creations Network Inc., at 5865 Ridgeway Center Parkway Suite 395, Memphis, Tennessee 38120, or wherever it may be found.

4. Defendant PGIM, Inc. is a foreign corporation authorized to do business in Tennessee and is, upon information and belief, the landowner for the Publix store located at 2324 Lebanon Pike, Nashville, TN 37214. PGIM, Inc. may be served through its registered agent, C.T. Corporation System, at 300 Montvue Road, Knoxville, TN 37919, or wherever it may be found.

## II. JURISDICTION AND VENUE

4. This action arises under Tennessee tort and premises-liability law for personal injuries Plaintiff suffered on or about June 26, 2025, inside Defendants' store.

5. This Court has subject-matter jurisdiction pursuant to Tenn. Code Ann. § 16-10-101 and personal jurisdiction pursuant to Tenn. Code Ann. § 20-2-214, as Defendants conduct business in this state and the incident occurred within Davidson County.

6. Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-101, because all tortious acts and omissions occurred in this county and Defendants operate the subject Publix within this county.

## III. FACTUAL ALLEGATIONS

7. On or about June 26, 2025, Plaintiff was a lawful business invitee inside the Publix grocery store located at 2324 Lebanon Pike, Nashville, TN 37214.

8. Plaintiff began walking through the store using a grocery cart.

9. While walking in a customer area of the store, Plaintiff slipped on a clear liquid substance, believed to be water, present on the floor.

10. No warning signs, cones, or barricades were in place to alert customers to the hazardous condition.

11. As a result of his slip, Plaintiff performed an unintentional split, which caused injuries to his cervical and lumbar spine, knees, and feet.

12. Plaintiff has received extensive medical treatment as a result of this incident, including, but not limited to, doctor's visits, medications, imaging, pain injections, physical therapy, and other care.

13. Plaintiff has become liable for medical and other expenses as a result of this incident.

14. Plaintiff continues to experience pain and physical limitations from injuries suffered in this incident, and will likely require future medical treatment.

15. At all relevant times, Defendants, individually and/or through agents, employees, subsidiaries, affiliates, and related corporate entities, owned, operated, managed, controlled, supervised, and/or were responsible for maintenance, safety policies, staffing, inspection protocols, and risk management for the subject premises.

16. Upon information and belief, Defendants acted jointly and in concert, and each was the agent, servant, employee, subsidiary, affiliate, or alter ego of the other in connection with ownership and operation of the premises.

17. Upon information and belief, Defendant PGIM, Inc. is the land and/or building owner of the Publix store located at the subject premises.

18. Defendants had a duty to maintain a reasonably safe environment for customers and to inspect, identify, and remedy dangerous conditions.

19. Defendants breached that duty by failing to clean the spill, failing to inspect the premises, and failing to warn customers of a hazardous condition that existed for a sufficient length

of time that Defendants knew or, through reasonable inspection procedures, should have known of its presence and failed to remedy it.

20. Alternatively, the hazardous condition was created by Defendants' employees or agents, eliminating the need to establish actual or constructive notice.

21. Defendants' negligence directly and proximately caused Plaintiff's injuries and damages.

## IV. COUNT I – NEGLIGENCE (Against All Defendants)

22. Plaintiff realleges and incorporates Paragraphs 1–21 by reference as if fully set forth herein.

23. Plaintiff was a business invitee to whom Publix owed the highest duty of reasonable care.

24. Defendants breached their duties through acts and omissions including, but not limited to:

a. Failing to conduct reasonable and timely inspections of the store's floors and aisles;

b. Failing to follow inspection schedules, safety checklists, or sweep logs;

c. Failing to inspect customer aisles for foreseeable spills and slip hazards;

d. Failing to ensure employees performed inspections as required;

e. Allowing a clear liquid substance to remain on the floor;

f. Allowing the hazard to persist for a sufficient period to give rise to constructive notice;

g. Failing to implement or enforce reasonable spill-cleanup policies;

h. Failing to keep aisles free of hazardous conditions;

i. Failing to place wet-floor signs, cones, or other warning devices;

j. Failing to warn customers of a concealed hazard;

k. Failing to cordon off the dangerous area;

l. Failing to clean, remove, or neutralize the spilled substance;

m. Failing to report the hazard to management promptly;

n. Failing to follow established spill response procedures;

o. Failing to train employees in hazard recognition and spill response;

p. Failing to train staff to identify and address dangerous substances;

q. Failing to train employees to warn customers promptly;

r. Failing to supervise employees charged with safety duties;

s. Failing to ensure compliance with Publix's safety policies;

t. Failing to employ sufficient staff to ensure customer safety;

u. Failing to ensure staff were available to monitor high-traffic areas;

v. Failing to adopt reasonable safety policies;

w. Failing to follow existing inspection, cleanup, or documentation policies;

x. Failing to implement adequate surveillance or hazard-tracking systems;

y. Allowing the substance to remain long enough that Defendants knew or should have known of its presence;

z. Failing to discover the hazard despite reasonable opportunity;

aa. Failing to take precautions despite foreseeable risks of frequent spills in grocery stores;

bb. Failing to implement preventive measures despite known hazards;

cc. Failing to act as a reasonably prudent retail operator under the circumstances;

dd. Failing to establish and enforce adequate corporate safety oversight procedures at the store level and; and

ee. Other acts of negligence revealed in discovery.

## V. CAUSATION

25. Plaintiff realleges and incorporates by reference, Paragraphs 1–24 and applicable subparts as if fully set forth herein.

26. The negligence and wrongful acts of the Defendants were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries, damages, and losses, and were a substantial factor in bringing about Plaintiff's injuries, including, but not limited to, those alleged above.

27. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred past and future medical expenses; suffered physical pain, emotional distress, loss of enjoyment of life, permanent impairment, mobility limitations, and other damages recoverable under Tennessee law.

28. Plaintiff is entitled to all damages recoverable under Tennessee law.

## VI. INJURIES AND DAMAGES

29. As a result of Defendants' negligence, Plaintiff suffered:

a. severe pain and suffering;

b. physical impairment and mobility loss;

c. reduced independence and difficulty with activities of daily living;

d. past and future medical expenses

e. emotional distress; and

f. all other compensable damages allowed by Tennessee law.

## VII. RELIEF SOUGHT

**WHEREFORE**, Plaintiff respectfully prays:

a. For judgment against Defendants in an amount to be determined by a jury, in an amount not to exceed one million dollars ($1,000,000);

b. For a jury to be impaneled to try this cause;

c. For all costs to be taxed to Defendants; and

d. For such further and general relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Tanner C. Gibson*
Tanner C. Gibson (BPR #34910)
Hughes and Coleman Injury Lawyers
446 James Robertson Pkwy. Ste 100
Nashville, TN 37219
Tel: (615) 557-1125
tgibson@hughesandcoleman.com
*Counsel for Plaintiff*

**IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE**

| | | |
|---|---|---|
| **CORY LINTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| **PUBLIX SUPER MARKETS, INC., PUBLIX TENNESSEE, LLC, and PGIM, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

Comes now the Plaintiff, Cory Linton ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendants Publix Super Markets, Inc., Publix Tennessee, LLC, and PGIM, Inc. (collectively "Publix" or "Defendants"), states:

**I. PARTIES**

1. Plaintiff is a resident of Nashville, Davidson County, Tennessee, and brings this action for personal injuries sustained in a slip-and-fall accident that occurred on or about June 26, 2025, inside the Publix grocery store located at 2324 Lebanon Pike, Nashville, TN 37214.

2. Defendant Publix Super Markets, Inc. is a foreign corporation authorized to do business in Tennessee and operating retail grocery stores throughout Tennessee and Davidson County. Publix Super Markets, Inc. may be served through its registered agent, Corporation Creations Network Inc., at 5865 Ridgeway Center Parkway Suite 395, Memphis, Tennessee 38120, or wherever it may be found.

3. Defendant Publix Tennessee, LLC is a foreign limited-liability company authorized to do business in Tennessee and operating retail grocery stores throughout Tennessee and

Davidson County. Publix Tennessee, LLC may be served through its registered agent, Corporation Creations Network Inc., at 5865 Ridgeway Center Parkway Suite 395, Memphis, Tennessee 38120, or wherever it may be found.

4. Defendant PGIM, Inc. is a foreign corporation authorized to do business in Tennessee and is, upon information and belief, the landowner for the Publix store located at 2324 Lebanon Pike, Nashville, TN 37214. PGIM, Inc. may be served through its registered agent, C.T. Corporation System, at 300 Montvue Road, Knoxville, TN 37919, or wherever it may be found.

## II. JURISDICTION AND VENUE

4. This action arises under Tennessee tort and premises-liability law for personal injuries Plaintiff suffered on or about June 26, 2025, inside Defendants' store.

5. This Court has subject-matter jurisdiction pursuant to Tenn. Code Ann. § 16-10-101 and personal jurisdiction pursuant to Tenn. Code Ann. § 20-2-214, as Defendants conduct business in this state and the incident occurred within Davidson County.

6. Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-101, because all tortious acts and omissions occurred in this county and Defendants operate the subject Publix within this county.

## III. FACTUAL ALLEGATIONS

7. On or about June 26, 2025, Plaintiff was a lawful business invitee inside the Publix grocery store located at 2324 Lebanon Pike, Nashville, TN 37214.

8. Plaintiff began walking through the store using a grocery cart.

9. While walking in a customer area of the store, Plaintiff slipped on a clear liquid substance, believed to be water, present on the floor.

10. No warning signs, cones, or barricades were in place to alert customers to the hazardous condition.

11. As a result of his slip, Plaintiff performed an unintentional split, which caused injuries to his cervical and lumbar spine, knees, and feet.

12. Plaintiff has received extensive medical treatment as a result of this incident, including, but not limited to, doctor's visits, medications, imaging, pain injections, physical therapy, and other care.

13. Plaintiff has become liable for medical and other expenses as a result of this incident.

14. Plaintiff continues to experience pain and physical limitations from injuries suffered in this incident, and will likely require future medical treatment.

15. At all relevant times, Defendants, individually and/or through agents, employees, subsidiaries, affiliates, and related corporate entities, owned, operated, managed, controlled, supervised, and/or were responsible for maintenance, safety policies, staffing, inspection protocols, and risk management for the subject premises.

16. Upon information and belief, Defendants acted jointly and in concert, and each was the agent, servant, employee, subsidiary, affiliate, or alter ego of the other in connection with ownership and operation of the premises.

17. Upon information and belief, Defendant PGIM, Inc. is the land and/or building owner of the Publix store located at the subject premises.

18. Defendants had a duty to maintain a reasonably safe environment for customers and to inspect, identify, and remedy dangerous conditions.

19. Defendants breached that duty by failing to clean the spill, failing to inspect the premises, and failing to warn customers of a hazardous condition that existed for a sufficient length

of time that Defendants knew or, through reasonable inspection procedures, should have known of its presence and failed to remedy it.

20. Alternatively, the hazardous condition was created by Defendants' employees or agents, eliminating the need to establish actual or constructive notice.

21. Defendants' negligence directly and proximately caused Plaintiff's injuries and damages.

## IV. COUNT I – NEGLIGENCE (Against All Defendants)

22. Plaintiff realleges and incorporates Paragraphs 1–21 by reference as if fully set forth herein.

23. Plaintiff was a business invitee to whom Publix owed the highest duty of reasonable care.

24. Defendants breached their duties through acts and omissions including, but not limited to:

a. Failing to conduct reasonable and timely inspections of the store's floors and aisles;

b. Failing to follow inspection schedules, safety checklists, or sweep logs;

c. Failing to inspect customer aisles for foreseeable spills and slip hazards;

d. Failing to ensure employees performed inspections as required;

e. Allowing a clear liquid substance to remain on the floor;

f. Allowing the hazard to persist for a sufficient period to give rise to constructive notice;

g. Failing to implement or enforce reasonable spill-cleanup policies;

h. Failing to keep aisles free of hazardous conditions;

i. Failing to place wet-floor signs, cones, or other warning devices;

j. Failing to warn customers of a concealed hazard;

k. Failing to cordon off the dangerous area;

l. Failing to clean, remove, or neutralize the spilled substance;

m. Failing to report the hazard to management promptly;

n. Failing to follow established spill response procedures;

o. Failing to train employees in hazard recognition and spill response;

p. Failing to train staff to identify and address dangerous substances;

q. Failing to train employees to warn customers promptly;

r. Failing to supervise employees charged with safety duties;

s. Failing to ensure compliance with Publix's safety policies;

t. Failing to employ sufficient staff to ensure customer safety;

u. Failing to ensure staff were available to monitor high-traffic areas;

v. Failing to adopt reasonable safety policies;

w. Failing to follow existing inspection, cleanup, or documentation policies;

x. Failing to implement adequate surveillance or hazard-tracking systems;

y. Allowing the substance to remain long enough that Defendants knew or should have known of its presence;

z. Failing to discover the hazard despite reasonable opportunity;

aa. Failing to take precautions despite foreseeable risks of frequent spills in grocery stores;

bb. Failing to implement preventive measures despite known hazards;

cc. Failing to act as a reasonably prudent retail operator under the circumstances;

dd. Failing to establish and enforce adequate corporate safety oversight procedures at the store level and; and

ee. Other acts of negligence revealed in discovery.

## V. CAUSATION

25. Plaintiff realleges and incorporates by reference, Paragraphs 1–24 and applicable subparts as if fully set forth herein.

26. The negligence and wrongful acts of the Defendants were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries, damages, and losses, and were a substantial factor in bringing about Plaintiff's injuries, including, but not limited to, those alleged above.

27. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred past and future medical expenses; suffered physical pain, emotional distress, loss of enjoyment of life, permanent impairment, mobility limitations, and other damages recoverable under Tennessee law.

28. Plaintiff is entitled to all damages recoverable under Tennessee law.

## VI. INJURIES AND DAMAGES

29. As a result of Defendants' negligence, Plaintiff suffered:

a. severe pain and suffering;

b. physical impairment and mobility loss;

c. reduced independence and difficulty with activities of daily living;

d. past and future medical expenses

e. emotional distress; and

f. all other compensable damages allowed by Tennessee law.

## VII. RELIEF SOUGHT

**WHEREFORE**, Plaintiff respectfully prays:

a. For judgment against Defendants in an amount to be determined by a jury, in an amount not to exceed one million dollars ($1,000,000);

b. For a jury to be impaneled to try this cause;

c. For all costs to be taxed to Defendants; and

d. For such further and general relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Tanner C. Gibson*
Tanner C. Gibson (BPR #34910)
Hughes and Coleman Injury Lawyers
446 James Robertson Pkwy. Ste 100
Nashville, TN 37219
Tel: (615) 557-1125
tgibson@hughesandcoleman.com
*Counsel for Plaintiff*

CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE

Service ID 620325

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PUBLIX SUPER MARKETS INC.
RA: CORP CREATIONS NETWORK INC
5865 RIDGEWAY CTR PKWY STE 395
MEMPHIS, TN 38120

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Shelby County Sheriff

Service ID 620325

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 06/22/2026

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: [signature]

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

TANNER CLAY GIBSON
446 JAMES ROBERTSON PARKWAY, SUITE 100
5865 RIDGEWAY CENTER PKWY.
NASHVILLE, TN 37219

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 620325

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PUBLIX SUPER MARKETS INC.
RA: CORP CREATIONS NETWORK INC
5865 RIDGEWAY CTR PKWY STE 395
MEMPHIS, TN 38120

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Out of County Sheriff

Service ID 620325

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____________day of ________ ________ ________, 20___, I:

_____ served this Summons and Complaint/Petition on _____________________________ in the following manner:
_____________________________________________________________________________________

_____ failed to serve this Summons within 90 days after its issuance because ______________________________
_____________________________________________________________________________________

___________________________________________
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309


rev. 09/01/2022

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 620326

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PUBLIX TENNESSEE LLC
RA:CORP CREATIONS NETWORK INC.
5865 RIDGEWAY CTR PKWY STE 395
MEMPHIS, TN 38120

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Shelby County Sheriff

Service ID 620326

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 06/22/2026

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: [signature]

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

TANNER CLAY GIBSON
446 JAMES ROBERTSON PARKWAY, SUITE 100
NASHVILLE, TN 37219

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 620326

STATE OF TENNESSEE
DAVIDSON COUNTY
20 TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PUBLIX TENNESSEE LLC
RA:CORP CREATIONS NETWORK INC.
5865 RIDGEWAY CTR PKWY STE 395
MEMPHIS, TN 38120

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Out of County Sheriff

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____________day of ________ ________ ________, 20___, I:

_____ served this Summons and Complaint/Petition on _____________________________ in the following manner:
________________________________________________________________________________

_____ failed to serve this Summons within 90 days after its issuance because ______________________________
________________________________________________________________________________

_______________________________________
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 620327

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20 TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PGIM INC.
RA: C.T. CORPORATION SYSTEM
300 MONTVUE ROAD
KNOXVILLE, TN 37919

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Knox County Sheriff

Service ID 620327

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 06/22/2026

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: [signature]

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

TANNER CLAY GIBSON
446 JAMES ROBERTSON PARKWAY, SUITE 100
NASHVILLE, TN 37219

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309


rev. 09/01/2022

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 620327

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PGIM INC.
RA: C.T. CORPORATION SYSTEM
300 MONTVUE ROAD
KNOXVILLE, TN 37919

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Out of County Sheriff

Service ID 620327

RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____________day of _________ _________ _________, 20___, I:

_____ served this Summons and Complaint/Petition on ______________________________ in the following manner:
______________________________________________________________________________

_____ failed to serve this Summons within 90 days after its issuance because ______________________________
______________________________________________________________________________

______________________________________________
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309


rev. 09/01/2022

CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE

Service ID 620327

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20 TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PGIM INC.
RA: C.T. CORPORATION SYSTEM
300 MONTVUE ROAD
KNOXVILLE, TN 37919

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Knox County Sheriff

Service ID 620327

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 06/22/2026

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By:

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

TANNER CLAY GIBSON
446 JAMES ROBERTSON PARKWAY, SUITE 100
NASHVILLE, TN 37219

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

EFILED 07/21/26 01:08 PM CASE NO. 26C1861 Joseph P. Day, Clerk

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 620327

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PGIM INC.
RA: C.T. CORPORATION SYSTEM
300 MONTVUE ROAD
KNOXVILLE, TN 37919

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Out of County Sheriff

Service ID 620327

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ____________ day of JUL 0 1 2026 ____________, 20___, I:

✓ served this Summons and Complaint/Petition on PGIM Inc. c/o CT in the following manner:

REFUSED TO SIGN

_____ failed to serve this Summons within 90 days after its issuance because ______________________

DEBBIE ROGERS
400 MAIN AVE.
KNOXVILLE, TN 37902

Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 620325

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PUBLIX SUPER MARKETS INC.
RA: CORP CREATIONS NETWORK INC
5865 RIDGEWAY CTR PKWY STE 395
MEMPHIS, TN 38120

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Shelby County Sheriff

Service ID 620325

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 06/22/2026

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: [signature]

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

TANNER CLAY GIBSON
446 JAMES ROBERTSON PARKWAY, SUITE 100
5865 RIDGEWAY CENTER PKWY.
NASHVILLE, TN 37219

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

EFILED 07/24/26 02:22 PM CASE NO. 26C1861 Joseph P. Day, Clerk

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 620325

STATE OF TENNESSEE
DAVIDSON COUNTY
20 TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PUBLIX SUPER MARKETS INC.
RA: CORP CREATIONS NETWORK INC
5865 RIDGEWAY CTR PKWY STE 395
MEMPHIS, TN 38120

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Out of County Sheriff

Service ID 620325

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the 16 day of July ________, 2026 I:

X served this Summons and Complaint/Petition on ________________ in the following manner:

______________________________________________

_____ failed to serve this Summons within 90 days after its issuance because ________________

______________________________________________

X Brynne Barlow [signature] L0759

Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 620326

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PUBLIX TENNESSEE LLC
RA:CORP CREATIONS NETWORK INC.
5865 RIDGEWAY CTR PKWY STE 395
MEMPHIS, TN 38120

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Shelby County Sheriff

Service ID 620326

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 06/22/2026

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: D. Nolbrez

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

TANNER CLAY GIBSON
446 JAMES ROBERTSON PARKWAY, SUITE 100
NASHVILLE, TN 37219

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

EFILED 07/24/26 02:27 PM CASE NO. 26C1861 Joseph P. Day, Clerk

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 620326

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

CORY LINTON

Plaintiff

vs.

PUBLIX TENNESSEE LLC
RA:CORP CREATIONS NETWORK INC.
5865 RIDGEWAY CTR PKWY STE 395
MEMPHIS, TN 38120

Defendant

CIVIL ACTION
DOCKET NO. 26C1861
Method of Service:
Out of County Sheriff

Service ID 620326

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the 16 day of July, 2026 I:

X served this Summons and Complaint/Petition on ______________ in the following manner:

_____ failed to serve this Summons within 90 days after its issuance because ______________

X Brynne Barlow

[signature] 6759
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

EFILED 07/24/26 02:27 PM CASE NO. 26C1861 Joseph P. Day, Clerk